ESTATE OF ANNA BLANKENBECKLER, DECEASED, HANS P. N. GAMMEL, LEGAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Blankenbeckler v. Commissioner
Docket No. 11099-80.
United States Tax Court
T.C. Memo 1983-294; 1983 Tax Ct. Memo LEXIS 494; 46 T.C.M. (CCH) 245; T.C.M. (RIA) 83294; May 25, 1983. V. Leon Austin, for the petitioner. Ana G. Cummings, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $12,738 in petitioner's Federal estate tax. In an amendment to his answer respondent has claimed an increased estate tax deficiency in the amount of $7,805.57. At issue is the fair market value on November 4, 1976, of the decedent's undivided interest in 46.37 acres of land and improvements located in Travis County, Texas. This will determine the amount includable in the decedent's gross estate under section 2031. [1]
FINDINGS OF FACT Some of the facts have been stipulated *495 and are so found. Hans P. N. Gammel, the legal representative of the Estate of Anna Blankenbeckler, deceased, was a resident of Austin, Texas, at the time the petition was filed in this case. The Federal estate tax return for the decedent's estate was timely filed with the District Director of Internal Revenue at Austin, Texas. Anna Blankenbeckler (the decedent) died on November 4, 1976. At that time she owned in fee simple 46.37 acres of land and improvements located in southeast Travis County, Texas, near Bergstrom Air Force base. The property was burdened with a perpetual avigation easement over 18.94 acres in favor of the United States for the use of the Bergstrom Air Force base. The property is 300 feet from U.S. Highway 183, which is a primary north-south artery through Travis County. The improvements on the property consisted of the main residence, a residence under construction, the remains of a burned barn and shed, workshop and storage, waterwell and pumphouse, septic system and a butane tank. Edwin J. Terry, who has been engaged in the business of appraising real property for about 30 years and who is a M.A.I. (Member American Institute of Real Estate Appraisers) *496 and a S.R.A. (Senior Real Property Appraiser, Society of Real Estate Appraisers), prepared a comprehensive and detailed appraisal report with respect to the property. The highest and best use of the property was rural residential. Mr. Terry personally examined each of the comparable properties and explained the adjustments which were made to account for the differences between each comparable sale and the estate property. He valued the estate property by using the market data approach. He determined a value for the land by using comparable land sales in the vicinity of the estate property. He valued the improvements on the basis of their depreciated values. His original appraisal report, which was prepared as of September 30, 1976 and updated as of June 15, 1977, determined a fair market value of 23.24 acres of the land and improvements to be $106,000. On December 29, 1977, the United States Department of the Army agreed to purchase the 23.24 acres of land with improvements from Hans P. N. Gammel for $115,000. The sale was consummated on January 16, 1978. Mr. Terry's opinion was that the fair market value of the estate property (46.37 acres of land and improvements) as of *497 November 4, 1976 was $163,000. Danny Shipman, a qualified real estate appraiser on the staff of the U.S. Army Corps of Engineers, reviewed the appraisal made by Mr. Terry and determined that the value expressed for the property was within acceptable limits. On the decedent's Federal estate tax return the land and improvements were valued at $79,500. In his notice of deficiency respondent determined that the value of the land and improvements was $134,475, and thus increased the taxable estate by $54,945. However, based on the expert opinions of Mr. Terry and Mr. Shipman, respondent amended his answer to claim a fair market value of $163,000 for the property as of the decedent's date of death. ULTIMATE FINDINGS OF FACT On November 4, 1976, the fair market value of the decedent's interest in the 46.37 acres of land and improvements in the Travis County property was $163,000. OPINION Section 2031 of the Code provides for the inclusion in the gross estate of property owned by the decedent at its fair market value on the date of death. The issue of fair market value is factual. Section 20.2031-1(b), Estate Tax Regs. Here the respondent valued the estate property at *498 the date of the decedent's death. Such valuation is supported by the appraisal of his primary expert witness, Edwin J. Terry, who initially appraised the property on September 30, 1976, and updated it on June 15, 1977. In Mr. Terry's opinion the fair market value of the property did not change between those dates. His testimony was that, after careful review of market activity in the area during that period of time, new sales did not reflect a change in values. The decedent died on November 4, 1976. Since there was no change in property values between September 1976 and June 1977, it follows that the estate property was worth the same on the date of the decedent's death. Mr. Terry's expert opinion as to the fair market value of the property on November 4, 1976, is also supported by the opinion and testimony of Danny Shipman, another real estate appraiser, and by the fact that the Department of the Army paid $115,000 for 23.24 acres of the land and some improvements within 15 months after the decedent's death. By contrast the petitioner has relied on the testimony of Hans P. N. Gammel, the legal representative of the decedent's estate and her sole heir.While Mr. Gammel lived *499 on the property and he obviously was familiar with it, was found his testimony vague and general in nature. He failed to address specific sales and purchases or comparability. Accordingly, we sustain respondent's valuation and hold, as reflected in our ultimate finding of fact, that as of November 4, 1976, the fair market value of the decedent's interest in the land and improvements was $163,000. This amount is based on valuing the correct number of acres (46.37) owned by the decedent at $2,150 per acre and adding to that sum the depreciated value of the improvements on the property. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of the decedent's death.↩